UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
January 22, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| Douglas A. Lopez, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | Civil Action H-20-3490 |
| § | |
| Cintas Corporation, § | |
| § | |
| Defendant. § | |

## Opinion on Dismissal

1.  *Background.*

    In April 2019, Cintas Corporation hired Douglas Lopez as a route skipper. As part of his responsibilities, Lopez picked up items shipped to Cintas's Houston warehouse and delivered them to local customers when the assigned service sales representative was absent.

    Before he was hired, Lopez noted that he had a disability on a voluntary self-identification form. He did not specify the type of disability or its attendant limitations, and he requested no accommodations.

    Cintas fired Lopez a few months later. Lopez sued under the Americans with Disabilities Act, claiming that he was treated worse and disciplined worse because of his disability.

    Cintas has moved to dismiss this case in favor of arbitration in Lopez's contract. In his response, Lopez argues that the clause is inapplicable because he is within the Federal Arbitration Act's transportation worker exemption; this prevents employers from enforcing arbitration agreements with workers engaged in interstate commerce. Lopez also argues that the clause is unconscionable because Cintas knew about his disability – which limits his ability to read – and told him to sign an employment contract that he did not understand.

The transportation worker exemption does not apply to Lopez, and no evidence indicates that the clause is unconscionable. Lopez will take nothing from Cintas.

2. *The Federal Arbitration Act.*

The Federal Arbitration Act does not apply to the employment contracts of transportation workers moving goods in interstate commerce.[1]

Lopez argues that a transportation worker does not need to cross a state line to move goods in interstate commerce. He says that he delivered goods shipped to Houston from Washington, D.C., Georgia, and Mexico. He also says that he collected items from customers that were later sent for out-of-state distribution from Cintas's Houston warehouse.

Lopez's attenuated connection to interstate commerce keeps the transportation worker exemption from applying. This exemption is narrow.[2] Although he drove a truck, Lopez picked up items in Cintas's Houston warehouse and delivered them to local customers. He did not pick up or deliver items out of state, nor did he cross state lines as part of his responsibilities.

Evidence also indicates that Lopez did not predominantly drive a truck to deliver items. As a route skipper, Lopez filled in for absent service sales representatives who met with customers, restocked supplies, and renegotiated agreements. His responsibilities involved a customer service component separating Lopez from seamen and railroad employees, who are covered under the exemption in the Federal Arbitration Act.

Lopez is not a transportation worker under the Federal Arbitration Act.

---

[1] *Eastus v. ISS Facility Services, Inc.*, 960 F.3d 207, 211 (2020).

[2] *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 747 (1996).

B.   *Unconscionability.*

Procedural unconscionability refers to how parties arrived at an agreement, while substantive unconscionability refers to an agreement's fundamental fairness.[3]

Lopez argues that the arbitration clause is unconscionable because Cintas knew about his disability and told him to sign an employment contract that he did not understand. He says Cintas did not tell him that signing the contract meant he would be giving up the right to sue in favor of arbitration. According to Lopez, he did not understand what arbitration meant until it was explained to him by his lawyer after filing suit.

Lopez may not have understood the arbitration clause, but he has not shown that compelling arbitration is procedurally unconscionable. No evidence indicates that Cintas "took advantage" of Lopez. Cintas did not have the opportunity to give him an accommodation. Lopez did not specify that he had a learning disability in his form, nor did he ask for an accommodation to read and understand the contract or anything else in his seven months at Cintas. Cintas did not know about Lopez's limitations, and if asked, it was his responsibility to find a person to read and explain the contract to him before he signed it.[4]

Nor has Lopez shown that compelling arbitration is substantively unconscionable. The arbitration clause does not contain unfair terms; it does not, for example, require him to pay arbitrator fees or preclude him from recovering damages. Although this case will not be tried to a jury, a fact-finder will still scrutinize the facts and make a decision. Arbitration is an alternative process, but it is not intrinsically unfair. Lopez has not identified other jobs that he has rejected because of an arbitration requirement.

---

[3] *In re Halliburton Comp.*, 80 S.W.3d 566, 572 (Tex.2002).

[4] *Roberd v. First Fed. Sav. & Loan Ass'n*, 490 S.W.2d 243, 245 (Tex. Civ. App. – Austin 1973, writ ref'd n.r.e.).

4. *Conclusion.*

   Douglas A. Lopez will take nothing from Cintas Corporation.

Signed on January 21, 2021, at Houston, Texas.

                                                Lynn N. Hughes
                                     United States District Judge